1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8                  EASTERN DISTRICT OF CALIFORNIA

9

10   ADRIAN MOON,                          CASE NO.    1:12-cv-01243-MJS (PC)

11                      Plaintiff,          ORDER DENYING PLAINTIFF'S MOTIONS
                                            TO CONSOLIDATE
12        v.
                                            (ECF Nos. 5 and 13)
13   C. REECE, et al.,

14                      Defendants.

15

16   _____/

17

18   **I.     PROCEDURAL HISTORY**

19        On July 30, 2012, Plaintiff Adrian Moon, a state prisoner proceeding pro se and in

20   forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

21   Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 10.)

22        On December 26, 2012, Plaintiff's Complaint was screened and dismissed, with

23   leave to amend, for failure to state a cognizable claim.  (ECF No. 17.)  On July 30, 2012

24   and August 23, 2012, Plaintiff filed motions to consolidate various other civil cases with this

25   present action.  (ECF Nos. 5 and 13.)  The motions to consolidate are now before the

26

27

1

Court.

## II.    CONSOLIDATION OF ACTIONS

Plaintiff moves to consolidate the following cases with the instant action: Moon v. Junious, et al., No. 1:12-cv-00096-GSA; Moon v. Mullin, et al., No. 2:11-cv-03277-EFB; Moon v. Leroy Baca, et al., No. 2:12-cv-05754-UA-MLG; and Jones v. Grounds, et al., No. 5:12-cv-02946-LHK.

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience.  "The district court has broad discretion under this rule to consolidate cases pending in the same district."  Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989).   In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.  Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Plaintiff argues that the cases he seeks to consolidate share common questions of law and fact with those raised in the present action.  However, the motions advocating consolidation do not explain the alleged relationship or how consolidation would result in economy and convenience.  The Court can not determine whether the cases share common questions of law or fact because there is no operative complaint in this action. The original complaint was dismissed with leave to amend for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).

A review of the case dockets show that the majority of these cases are unlikely

candidates for consolidation.  Moon v. Mullin, et al., No. 2:11-cv-03277-EFB was dismissed on September 6, 2012.  A similar motion to consolidate that case with the instant action was also denied for failure to demonstrate a commonality of law and facts.  Plaintiff's appeal of the judgment is pending.  Moon v. Leroy Baca, et al., No. 2:12-cv-05754-UA-MLG and Jones v. Grounds, et al., No. 5:12-cv-02946-LHK are cases outside the Eastern District of California.  The former case was also dismissed along with Plaintiff's appeal in that action.  Plaintiff is not a party to the latter case.  A motion to dismiss was recently filed in it.  Finally,  Moon v. Junious, et al., No. 1:12-cv-00096-GSA is currently active in this district.  The Court in that case recently denied a similar motion to consolidate.

Plaintiff's motions to consolidate fail to demonstrate that any of the aforementioned cases include common questions of law or fact or that any economy or convenience would be achieved through consolidation.  Each of the identified cases have advanced procedurally, some to judgment, and would likely cause delay and confusion rather than economy or convenience.

## III.    CONCLUSION AND ORDER

Accordingly, Plaintiff's motions to consolidate, filed July 30, 2012 and August 23, 2012, are HEREBY ORDERED DENIED, without prejudice.


IT IS SO ORDERED.

Dated:    January 18, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

3