# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, | CASE No. 1:12-cv-01243-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |
| v. | (ECF No. 4) |
| C. REECE, et al | |
| Defendants. | |

## I. PROCEDURAL HISTORY

Plaintiff Adrian Moon ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 10.) No other parties have appeared.

Plaintiff initiated this action on July 30, 2012. (Compl., ECF No. 1.) The Court screened Plaintiff's Complaint and dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 17.) Plaintiff has yet to file an amended complaint. Plaintiff's action has not yet been deemed to state a claim and the Court has not ordered service on the Defendants.

-1-

On July 30, 2012, Plaintiff filed a motion for a temporary restraining order (ECF No. 4) directing unspecified individuals to release Plaintiff to a lower security custody program or to release Plaintiff on his own recognizance pending the outcome of his numerous civil cases.

## II.  SUMMARY OF CLAIMS AND APPLICATION

Plaintiff alleges his First, Fourth, Eighth and Fourteenth Amendment rights have been violated. (Compl., ECF No. 1 at 3.) Plaintiff alleges Defendants engaged in a conspiracy to kill him to prevent him from being able to exercise his First Amendment right to petition the Courts. (Id. at 4-5.) Defendants also used various other retaliatory methods to prevent Plaintiff from properly litigating his ongoing cases. (Id. at 5-14.)

Defendants also subjected Plaintiff to cruel and unusual punishment. (Compl. at 14.) Plaintiff was given a false rules violation report which allowed Defendants to place him in a higher security housing area. (Id. at 15.) Defendants also retaliated by transferring Plaintiff to another prison far away from Plaintiff's family. (Id. at 17.) Defendants used cruel and unusual punishment in retaliation against Plaintiff to prevent him from pursuing his legal remedies. (Id. at 17-18.) Defendants housed Plaintiff with an inmate who was known to have violent tendencies, thereby exhibiting deliberate indifference to Plaintiff's safety. (Id. at 18-19.) Plaintiff was also told that he would be placed in the "hole", that he would be watched, and that Defendants were seeking to transfer him. (Id. at 20.) Plaintiff's appeals regarding the retaliation were rejected. (Id. at 21-23.)

Defendants denied Plaintiff access to the library and courts. (Compl. at 24.) Defendants also engaged in a retaliatory campaign against him. (Id. at 33.)

///

## III. LEGAL STANDARD FOR INJUNCTIVE RELIEF

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008).

The standards for a temporary restraining order are essentially the same as that for a preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Injunctive relief is to be granted "sparingly, and only . . . in clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

## IV. ANALYSIS

### A. Plaintiff Has not Shown Likely Success on the Merits

At this stage in the proceedings Plaintiff has failed to state any cognizable claim. The Court reviewed Plaintiff's Complaint and found that it was in violation of Fed. R. Civ. P. 8(a)(2). (ECF No. 17 at 2.) Plaintiff has yet to file an amended complaint. Plaintiff's failure to state a cognizable claim means he has failed to show any likely success on the merits

of his claims.

### B. Plaintiff Establishes No Irreparable Harm

Plaintiff fails to show that he will suffer irreparable harm if his motion is not granted. Plaintiff asks to be transferred to a lower security program or to be released on his own recognizance. Plaintiff fails to explain why such radical action is necessary or how he will suffer irreparable harm if his prior verification is not reinstated.

### C. The Equities and Public Interest do not Favor Plaintiff

The absence of a likelihood of success on the merits and the failure of Plaintiff to show irreparable harm leaves nothing to tip the balance of equities in Plaintiff's favor or suggest that an injunction would be in the public interest.

Absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons.)

### D. Jurisdiction

The Court's dismissal of Plaintiff's Complaint (ECF No. 17) also means that the Court does not have jurisdiction at this time to award any preliminary injunctive relief. Further, even if Plaintiff cures the deficiencies in his claims and sets forth a viable federal claim, he would only be entitled to relief narrowly drawn to correct the violation of his rights at issue in the action. The constitutional and statutory requirements for equitable relief preclude generalized relief.

## V. CONCLUSION AND ORDER

Plaintiff fails to provide facts which would enable the Court to find that he is in need of, and entitled to injunctive relief.

Accordingly, for the reasons stated above the Court ORDERS that Plaintiff's motion for a preliminary injunction (ECF No. 17) be DENIED without prejudice.

IT IS SO ORDERED.

Dated:   January 30, 2013              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE