1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ADRIAN MOON,

        Plaintiff,

   v.

C. REECE, et al.,

        Defendants.

_____/

1:12-cv-01243 MJS (PC)

ORDER DENYING PLAINTIFF'S MOTION
TO DISQUALIFY MAGISTRATE JUDGE,
DENYING PLAINTIFF'S MOTION TO
SHORTEN THE TIME TO RESPOND TO
ORDER TO SHOW CAUSE, AND
DISMISSING PLAINTIFF'S ACTION

(ECF Nos. 35, 37, 38)

CLERK SHALL CLOSE CASE

Plaintiff Adrian Moon ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 10.)

The Court screened Plaintiff's Complaint on December 26, 2012, and found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint on or before January 28, 2013.  (ECF Nos. 1 & 17.)  Plaintiff filed a motion for an extension of time on January 28, 2013 (ECF No. 25), which the Court granted (ECF No. 27).  Plaintiff was to file his amended complaint by March 11, 2013.  (ECF No. 27.)  March 11, 2013, passed without Plaintiff having filed an amended complaint or a request for an extension of time to do so.  The Court has since issued an order that Plaintiff show cause why his case should not be dismissed for failure to comply with a court order and failure

-1-

1   to state a claim.  (ECF No. 35.)

2       In lieu of filing a response to the order to show cause, on May 1, 2013, Plaintiff filed

3   a motion seeking to disqualify the Magistrate Judge assigned to this action.  (ECF No. 37.)

4   Plaintiff also filed a motion to shorten the response time on the Court's order to show

5   cause.  (ECF No. 38.)  Plaintiff's motions are now before the Court.

6   **I.**     **MOTION FOR RECUSAL**

7       A judge must disqualify himself if "his impartiality might be reasonably questioned,"

8   28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or

9   personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C.

10  § 455(b)(1).  "[J]udicial rulings or information acquired by the court in its judicial capacity

11  will rarely support recusal."  United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010)

12  (citing Litkey v. United States, 510 U.S. 540, 555 (1994)).

13      The objective test for determining whether recusal is required is whether a

14  reasonable person with knowledge of all the facts would conclude that the judge's

15  impartiality might reasonably be questioned.  Johnson, 610 F.3d at 1147 (quotation marks

16  and citation omitted); Pesnell v. Arsenault, 543 F.3d 1038. 1043 (9th Cir. 2008).  "Adverse

17  findings do not equate to bias."  Johnson, 610 F.3d at 1147.

18      In this instance, Plaintiff alleges that: the Magistrate Judge has refused to transfer

19  Plaintiff's case to the proper district; the Eastern District of California has a problem with

20  "fraudulent civil rights case dismissals"; the Magistrate Judge has conspired with other

21  judges in this district to dismiss Plaintiff's cases; the Magistrate Judge is biased against

22  African Americans (especially Plaintiff); and the Magistrate Judge violated Plaintiff's due

23  process rights by not granting Plaintiff's discovery motions.  (ECF No. 37 at 2-3.)

24      Plaintiff provides no basis upon which any reasonable person might conclude that

25  the Magistrate Judge assigned to this action has a personal bias or prejudice against or

26  relating to Plaintiff or his case. Plaintiff provides no facts suggesting bias or prejudice on

27  the part of the Magistrate Judge.

28      Accordingly, Plaintiff's motion to recuse the Magistrate Judge assigned to this matter

1  is DENIED.

2  **II.    MOTION FOR SHORTENING OF TIME TO RESPOND TO ORDER TO SHOW CAUSE**

3
4          Plaintiff has also filed a motion requesting that the Court shorten the time to respond

5  to the order to show cause.  Plaintiff's basis for this motion is that the Magistrate Judges

6  in this district have conspired to dismiss Plaintiff's actions and the Magistrate Judge

7  assigned to this action did not transfer Plaintiff's case to the Northern District, even though

8  the Judge inherently knew that Plaintiff's amended complaint would only involve parties

   located in that district.
9
          The Court is unable to discern any rational basis for or interpretation of Plaintiff's
10
   response to the Court's order to show cause.  Plaintiff's motion for shortening time
11
   provides no information to the Court as to what relief Plaintiff wishes to obtain or why the
12
   Court should grant any relief to Plaintiff.  There is no hearing date set on the order to show
13
   cause.  The Court simply asked Plaintiff to file an amended complaint or provide a reason
14
   why he could not do so.  Rather than filing an amended complaint, Plaintiff has filed this
15
   motion and a motion to recuse.  Neither constitutes an amended complaint or provides the
16
   Court with good cause as to why Plaintiff's action should not be dismissed.
17
          Accordingly, Plaintiff's motion to shorten the time to respond to the Court's order to
18
   show cause is DENIED.
19
   **III.   DISMISSAL OF PLAINTIFF'S ACTION**
20
          On April 19, 2013, the Court issued an order that Plaintiff show cause why his case
21
   should not be dismissed for failure to state a claim and failure to prosecute.  (ECF No. 35.)
22
   Plaintiff was to respond by May 7, 2013.  (Id.)  Plaintiff has failed to provide the Court with
23
   any cause as to why he could not file an amended complaint as required by the Court.
24
          Local Rule 110 provides that "failure of counsel or of a party to comply with these
25
   Rules or with any order of the Court may be grounds for imposition by the Court of any and
26
   all sanctions . . . within the inherent power of the Court."  District courts have the inherent
27
   power to control their dockets and "in the exercise of that power, they may impose
28

1    sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing

2    Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,

3    based on a party's failure to prosecute an action, failure to obey a court order, or failure to

4    comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

5    (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61

6    (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a

7    complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

8    comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone

9    v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

10   with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal

11   for lack of prosecution and failure to comply with local rules).

12          In determining whether to dismiss an action for lack of prosecution, failure to obey

13   a court order, or failure to comply with local rules, the Court must consider several factors:

14   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

15   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

16   disposition of cases on their merits; and (5) the availability of less drastic alternatives.

17   Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

18   Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

19          In the instant case, the Court finds that the public's interest in expeditiously resolving

20   this litigation and the Court's interest in managing its docket weigh in favor of dismissal.

21   The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a

22   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

23   action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

24   policy favoring disposition of cases on their merits -- is greatly outweighed by the factors

25   in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure

26   to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

27   requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

28   779 F.2d at 1424.  The Court's April 19, 2013 order expressly stated: "[Plaintiff] will be

1 | given one more opportunity,. . ., to file an amended complaint or show cause why his case
2 | should not be dismissed for failure to comply with a court order and failure to state a claim.
3 | Failure to meet this deadline will result in dismissal of this action." (ECF No. 35.)  Thus,
4 | Plaintiff had adequate warning that dismissal would result from his noncompliance with the
5 | Court's order.

6 |    Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is
7 | HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon
8 | which relief may be granted under § 1983 and failure to obey the Court's April 19, 2013,
9 | order (ECF No. 35).  This dismissal is subject to the "three-strikes" provision set forth in 28
10 | U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098-1099 (9th Cir. 2011).

11 |
12 | IT IS SO ORDERED.
13 | Dated:  May 22, 2013      /s/ _Michael J. Seng_
          UNITED STATES MAGISTRATE JUDGE